**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

AL M. WILLIAMS
ADC #362773                                                                                         PLAINTIFF

V.                                    NO. 2:09CV00100 JLH/BD

LONNIE WHITFIELD, *et al.*                                                                     DEFENDANTS

**ORDER**

Plaintiff has filed two motions to amend (docket entries #106 and #158), two motions to compel (#156 and #163), a motion for extension of time to complete discovery (#164), and a motion to appoint an expert (#168). In addition, Separate Defendant Helena Regional Medical Center has filed a motion for summary judgment (#151).

**I.    Motions to Amend**

In his motion to amend (#106), Plaintiff requests that Don Ball, Dhallek, Phillips County, Ed Williams, and David Webber be added as party Defendants. In the motion, Plaintiff alleges that Sheriff Williams acted with deliberate indifference to his medical needs. Accordingly, Plaintiff's motion (#106) is GRANTED. The Clerk of the Court is directed to file Plaintiff's motion to amend (#106) as his Amended Complaint. In his most recent motion to amend (#158), Plaintiff again seeks to add Sheriff Williams as a party Defendant. That motion (#158) is DENIED as moot.

## II. Motions to Compel

In his first motion to compel, Plaintiff requests that the Court order the Phillips County Jail to produce discovery he has requested under the Federal Rules of Civil Procedure. Unfortunately for Plaintiff, the Phillips County Jail is not a party to this lawsuit and is not an entity that can be sued under 42 U.S.C. § 1983. See *La Garza v. Kandiyohi County Jail*, 18 Fed. Appx. 436 (8th Cir. 2001) (unpub. table op.) (affirming dismissal of county jail on grounds that a jail is not an entity subject to suit under § 1983). Accordingly, Plaintiff's motion (#156) is DENIED.

In his second motion to compel, Plaintiff requests that the Court order Defendants to respond to certain discovery requests (#163). Defendants have responded to Plaintiff's motion and argue that they have adequately responded to Plaintiff's discovery requests. The Court agrees. Plaintiff's motion to compel (#163) also is DENIED.

## III. Motion for Extension of Time

In his motion for extension of time, Plaintiff requests that the Court extend the discovery deadline in this matter from May 5, 2010 until June 7, 2010 (#164). Plaintiff states that he needs additional time because "[D]efendants refuse to cooperate in a timely exchange." Defendants have responded to Plaintiff's motion and state that they have timely responded to all of Plaintiff's discovery requests (#166). In addition, Defendants argue that many of Plaintiff's discovery requests are duplicative. At this time, the Court denies Plaintiff's request. Plaintiff has nearly thirty (30) days to continue to engage in

discovery. If he cannot complete discovery by May 5, 2010, he may file another motion at that time.

IV.     **Motion to Appoint Expert**

In his motion to appoint an expert, Plaintiff request that the Court appoint an independent medical expert to assist, "in identifying, assessing, and qualifying medical documentation." At this time, Plaintiff has not shown sufficient cause to justify any such order. Accordingly, Plaintiff's motion (#168) is DENIED.

V.      **Helena Regional Medical Center's Motion for Summary Judgment**

On March 9, 2010, Separate Defendant Helena Regional Medical Center filed a motion for summary judgment (#151). Plaintiff has not yet responded to the motion. Plaintiff is hereby notified of his opportunity to file a response opposing the motion for summary judgment within fourteen (14) days of the date of this Order.[1] Plaintiff is advised that his response to the motion may include opposing or counter-affidavits, executed by Plaintiff or other persons, which have either been sworn to under oath, *i.e.*,

---

[1] Plaintiffs are reminded of their responsibility to comply with Local Rule 5.5(c)(2) of the Rules of the United States District Court for the Eastern District of Arkansas, which provides: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

notarized, or declared to under penalty of perjury in accordance with 28 U.S.C. § 1746. Any affidavits submitted by Plaintiff must be based upon the personal knowledge of the person executing the affidavit. No affidavit or other document containing Plaintiff's allegations will be considered when determining the motion for summary judgment unless it has been sworn to under oath or declared under penalty of perjury.

Under Local Rule 56.1 of the Rules of the United States District Court for the Eastern District of Arkansas, Plaintiff also is directed to file a separate, short and concise statement setting forth the facts which they think need to be decided at a trial.

IT IS SO ORDERED this 8th day of April, 2010.

_____
UNITED STATES MAGISTRATE JUDGE