IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

AL M. WILLIAMS, #362773                                                              PLAINTIFF

v.                          Case No. 2:09CV00100 JLH/BD

LONNIE WHITFIELD, *et al.*                                                        DEFENDANTS

### ORDER

United States Magistrate Judge Beth Deere has submitted a Partial Recommended Disposition (Document #259) in which she recommends that the motion for summary judgment filed by Helena Regional Medical Center be granted; that the motion for summary judgment filed by Defendants Bell, Robinson, White, and Whitfield (the "County Defendants") be denied; that Al M. Williams's motion for summary judgment be denied; and that the motion to dismiss filed by the County Defendants be denied as moot. After careful review of the recommendation, the timely objections received thereto, as well as a *de novo* review of the record, the Court concludes that the Partial Recommended Disposition should be approved and adopted as this Court's findings in part.

Helena Regional Medical Center filed a motion for summary judgment on Williams's claims under the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd, based largely on affidavits from a physician and a nurse stating that Williams did not have a medical emergency, was uncooperative, refused to provide information necessary for an initial screening examination, and became aggressive. Those affidavits state that Williams's ability to pay had nothing to do with their refusal to treat him. In response, Williams stated in an affidavit that he did not refuse to cooperate and was not combative. He says that he refused to sign a "payment authorization" because the jail was responsible for paying for his treatment. He says that the paramedic who transported him had placed him on "advanced life support" due to "diabetic complication," and the nurse found

his blood sugar to be at a level that constitutes a medical emergency.  Document #320.  Thus, there is a genuine issue of material fact as to whether Williams had a medical emergency when he was brought to the emergency room and as to whether he refused to cooperate in the screening process.  The Magistrate Judge recommended that the Court find that Williams's claims are barred because he refused to sign the "patient authorizations" presented to him when he arrived at the Medical Center.  Williams's statement in his affidavit that he refused to sign a "payment authorization" because the jail was responsible for payment is not an admission that he refused to cooperate in the screening process.  Therefore, the motion for summary judgment filed by Helena Regional Medical Center is denied.  Document #288.

The County Defendants also filed a motion for summary judgment, which the Magistrate Judge has recommended should be denied.  In their objections to the Partial Recommended Disposition, the County Defendants argue that the Magistrate Judge failed to follow the requirement of the Eighth Circuit that an inmate who complains of a delay in medical treatment must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay.  The Magistrate Judge noted the Eighth Circuit's requirement to that effect in *Beyerbach v. Sears*, 49 F.3d 1324, 1326 (8th Cir. 1995), but, according to the County Defendants' objections, failed to adhere to that requirement in recommending that their motion for summary judgment be denied.  The Court writes to explain why it is overruling this objection.

In the first place, it is not the law that an inmate complaining of a delay in medical treatment must always submit verifying medical information to support his claim.  In a case very similar to this one, the Eighth Circuit explained:

> [Deputy Sheriff Bradshaw] is accused of denying Roberson his diabetes medication
> or a special diet without a doctor's prescription and then intentionally delaying

> Roberson's access to Dr. Gubin. Bradshaw avers that Roberson never complained of his jail diet, was taken to see Dr. Gubin promptly upon request, and exhibited no distress from his diabetes. The conflicting affidavits raise obvious fact disputes. The district court nonetheless granted summary judgment on the ground that Roberson submitted no "verifying medical evidence" establishing the detrimental effects of the alleged delay in treatment, citing *Beyerbach v. Sears*, 49 F.3d 1324, 1326 (8th Cir. 1995). But that reflects a misreading of our prior Eighth Amendment cases. In determining whether the inmate has an objectively serious medical need, "we have repeatedly emphasized that the need or the deprivation alleged must be *either obvious to the lay person* or supported by medical evidence, like a physician's diagnosis." *Aswegan v. Henry*, 49 F.3d 461, 464 (8th Cir. 1995) (cross-referencing *Beyerbach*; emphasis added [by the *Roberson* court]). Here, Roberson alleges that for weeks he suffered from and complained about serious physical conditions resulting from the failure to treat his diabetes. The conditions he describes would have been obvious to a layman, or more particularly, to Deputy Sheriff Bradshaw in his day-to-day capacity as Roberson's jailer. Therefore, on this record, we conclude it was error to grant summary judgment in favor of Bradshaw.

*Roberson v. Bradshaw*, 198 F.3d 645, 648 (8th Cir. 1999). *See also Suggs v. Mobley*, 2008 WL 5483348, at *7 (E.D. Ark. Dec. 12, 2008) and 2009 WL 32744 (E.D. Ark. Jan. 5, 2009).

Here, as in *Roberson*, the plaintiff is a diabetic. He alleges that he suffered from serious physical conditions resulting from the failure to treat his diabetes, and the conditions he describes would have been obvious to a layman. Indeed, as the Magistrate Judge noted in her Partial Recommended Disposition, during the time that Williams was detained he was taken to a physician for an evaluation and then referred to the emergency room for treatment, so there is some evidence that a layman in fact realized that Williams was in need of medical attention.

Secondly, it is not true to say that Williams failed to submit any verifying medical evidence. It is undisputed that Williams was transferred to the Tennessee Department of Correction on June 30, 2009, after having been incarcerated at the Phillips County Detention Center for some time. It is also undisputed that he was placed in the infirmary upon his arrival and remained hospitalized until July 15, 2009. In his response to the County Defendants' motion for summary judgment, Williams

submitted results of laboratory tests ordered by the Tennessee Department of Correction on July 1, 2009. *See* Document #334, pp. 20-23. Included in those results is a finding that Williams's serum glucose level of 454 mg/dL, while the appropriate limits were 65-99. Document #334, p. 22. Those results also show that Williams had a hemoglobin A1c level of 13.1, whereas the limit should be less than 7.[1] Document #334, p. 21. That same document states:

> American Diabetes Association's Summary of Glycemic Recommendations for Adults with Diabetes: Hemoglobin Alc <7.0%. More stringent glycemic goals (Alc <6.0%) may further reduce complications at the cost of increased risk of hypoglycemia.

Thus, not only is there evidence that Williams had conditions that would have been obvious to a layman, there was also verifying medical evidence, *i.e.*, a dramatically elevated glucose level and a dramatically elevated hemoglobin A1c level immediately after Williams was transferred from the Phillips County Detention Center to the Tennessee Department of Correction.

Finally, the County Defendants object to the Magistrate Judge's recommendation that their motion to dismiss be denied as moot. The County Defendants moved to dismiss Williams's claims on the ground that he had failed to comply with discovery. Document #269. Williams responded to the motion, stating that he had provided answers to the discovery requests to the best of his ability and would supplement his responses when more information became available. Document #285. The County Defendants never replied to that response, so at the time that the Magistrate Judge issued

---

[1] "A hemoglobin A1c reading is a measure of plasma glucose concentration in the red blood cells over roughly a three month period." *Pippin v. Thaler*, 2010 WL 2487278, at *3 (S.D. Tex. June 14, 2010). An A1c level of 13.1 indicates an average blood sugar in the upper 300s. *Laroque v. Astrue*, 2010 WL 750052, at *14 (W.D. Mo. Feb. 27, 2010). *Cf. Washington v. United States*, 2005 WL 1799737 (E.D. Mo. July 27, 2005) (finding medical negligence in part because inadequate efforts were made to control the patient's diabetes when blood sugar readings were consistently over 200 and often over 300 and 400).

her Partial Recommended Disposition, the record reflected that Williams had provided discovery responses to the best of his ability and had promised to supplement his responses as new information became available. Therefore, the Magistrate Judge properly recommended that the motion to dismiss be denied as moot.

## CONCLUSION

For the reasons stated, the motion for summary judgment filed by Helena Regional Medical Center is DENIED (Document #288); the motion for summary judgment filed by the County Defendants is DENIED (Document #310); the motion for summary judgment filed by Al M. Williams is DENIED (Document #300); and the motion to dismiss filed by the County Defendants is DENIED (Document #269).

IT IS SO ORDERED this 17th day of November, 2010.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE